IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

AMANDA MCLEOD, etc.,

    Plaintiff,

v.                              CASE NO. 4:13cv661-RH/CAS

MAIDENFORM BRANDS, INC.,
et al.,

    Defendants.

_____/

## ORDER STAYING THE CASE

This proposed class action involves claims that are virtually identical to claims asserted in an earlier-filed proposed class action in the Eastern District of New York. The proposed class members and defendants in the two actions are the same. The defendant Wacoal America, Inc. has moved to dismiss, transfer, or stay this action in deference to the New York action. This order denies the motion to dismiss or transfer but stays further proceedings.

When two federal actions overlap as here, the Eleventh Circuit follows the first-filed rule: "Where two actions involving overlapping issues and parties are

pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005); *see also Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78-79 (11th Cir. 2013).

A party objecting to jurisdiction in the first-filed forum has the burden of demonstrating that "compelling circumstances" support an exception. *Manuel*, 430 F.3d at 1135; *Bankers Ins. Co. v. DLJ Mortg. Capital, Inc.*, 8:10-CV-419-T-27EAJ, 2012 WL 515879, at *3 (M.D. Fla. Jan. 26, 2012). "The first-filed rule considers: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues." *DLJ Mortg.*, 2012 WL 515879, at *3 (citing *Groom v. Bank of Am.*, No. 8:08–CV–2567–T–27EAJ, 2010 WL 627564, at *9 (M.D. Fla. Feb. 23, 2010)).

Further, the "first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Collegiate Licensing*, 713 F.3d at 78; *see also Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 920 (5th Cir.1997) ("[T]he court in which an action is first filed is the appropriate court to determine whether subsequently filed cases

involving substantially similar issues should proceed.") (internal quotation marks omitted); *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir.1971).

The plaintiffs have not shown a basis for departing from the usual rule. Accordingly,

IT IS ORDERED:

1. The motion to dismiss, transfer, or stay, ECF No. 14, is DENIED IN PART and GRANTED IN PART. All proceedings in this court are stayed until otherwise ordered.

2. While the stay remains in effect, each party must file a notice by the last day of each February and August, beginning with August 2014, briefly setting out the status of the New York action. But if one notice has been filed, no party is obligated to file an additional notice.

3. Each party must file a notice of any ruling in the New York action affecting whether this Florida case may go forward. But if one notice has been filed, no party is obligated to file an additional notice.

SO ORDERED on February 19, 2014.

                                  s/Robert L. Hinkle  
                                  United States District Judge